# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **ANTONIO SMITH,** Individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiff*, | § § | Civil Action No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| **SANTEK WASTE SERVICES, LLC, SANTEK ENVIRONMENTAL, INC., SANTEK ENVIRONMENTAL OF ALABAMA, LLC and WASTE SERVICES OF ALABAMA, LLC** | § § § § § § | |
| *Defendants.* | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Antonio Smith brings this action individually and on behalf of all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Santek Waste Services, LLC (hereinafter "Santek Waste"), Santek Environmental, Inc. (hereinafter "Santek Environmental"), Santek Environmental of Alabama, LLC (hereinafter "SEA") and Waste Services of Alabama, LLC (hereinafter "WSA") (collectively, the "Santek Defendants") during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. Plaintiff Smith was employed as a non-exempt waste disposal driver at the Santek Defendants' Gardendale, Alabama waste disposal facility from approximately September 2015 until July 2016.



2. Plaintiff Smith brings this action individually and on behalf of all other similarly situated non-exempt Waste Disposal Drivers ("Putative Class Members") employed by the Santek Defendants throughout the United States during the preceding three years and through the final disposition of this matter.

3. Plaintiff and the Putative Class Members seek all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

4. Plaintiff and the Putative Class Members allege that the Santek Defendants failed to pay the proper amount of overtime in accordance with the FLSA for the three-year period preceding the filing of the Original Collective Action Complaint and through the final disposition of this matter.

5. The Santek Defendants violated (and continue to violate) the FLSA by automatically deducting 30-minute meal periods from Plaintiff and the Putative Class Members' daily hours worked, despite knowing that Plaintiff and the Putative Class Members routinely worked (and continue to work) throughout their designated 30-minute meal periods each day.

6. The Santek Defendants violated (and continue to violate) the FLSA by permitting and encouraging their Waste Disposal Drivers, including Plaintiff and the Putative Class Members, to perform pre-trip and post-trip work duties "off-the-clock" and without pay.

7. Accordingly, the Santek Defendants violated (and continue to violate) the FLSA by failing to pay their Waste Disposal Drivers across the United States, including Plaintiff and the Putative Class Members, time and one-half for each hour worked in excess of 40 hours per workweek as is required by the FLSA.

## II.
## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Antonio Smith ("Smith") worked at the Santek Defendants' Gardendale, Alabama facility within the relevant three-year period. Plaintiff Smith's written consent to be a party plaintiff in this action is attached hereto as Exhibit "A."

9. The Putative Class Members represent all of the Santek Defendants' non-exempt current and former Waste Disposal Drivers throughout the United States who performed the same or similar work as Plaintiff Smith, and were subjected to the same or similar payment policies as Plaintiff Smith during the past three years and through the final disposition of this matter.

10. Defendant Santek Waste Services, LLC ("Santek") is a Tennessee limited liability company, licensed to and doing business in the State of Alabama. Santek may be served with process by serving its registered agent: **Edward A. Caylor, 650 25th Street NW, Suite 100, Cleveland, Tennessee 37311-1353.**

11. Defendant Santek Environmental, Inc. ("Santek Environmental") is a Tennessee corporation, licensed to and doing business in the State of Alabama. Santek Environmental may be served with process by serving its registered agent: **Edward A. Caylor, 650 25th Street NW, Suite 100, Cleveland, Tennessee 37311-1353.**

12. Defendant Santek Environmental of Alabama, LLC ("SEA") is an Alabama limited liability company doing business in the State of Alabama. SEA may be served with process by serving its registered agent: **National Registered Agents, Inc., 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.**

13. Defendant Waste Services of Alabama, LLC ("WSA") is an Alabama limited liability company doing business in the State of Alabama. WSA may be served with process by serving its registered agent: **National Registered Agents, Inc., 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.**

14. This Court has personal jurisdiction over the Santek Defendants because the cause of action arose within this District as a result of the Santek Defendants' conduct within this District.

### III.
### SUBJECT MATTER JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

16. Venue is proper in the Northern District of Alabama, because all or a substantial part of the acts, omissions and events giving rise to this action occurred in the Northern District of Alabama.

17. Specifically, the Santek Defendants have maintained a working presence throughout Northern Alabama and Plaintiff worked throughout his employment with the Santek Defendants in Jefferson County, Alabama, all of which are in this District and Division.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.
### FLSA COVERAGE

19. At all material times, the Santek Defendants have been joint employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

20. At all material times, the Santek Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Santek has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

21. Specifically, the Santek Defendants operate on interstate highways, purchases materials through commerce, transporting materials through commerce and on the interstate highways,

conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

22. At all material times, Plaintiff and the Putative Class Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

23. At all material times, the Santek Defendants have had (and continue to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

## V.
## STATEMENT OF FACTS

**A. SANTEK'S OPERATIONS AND CORPORATE RELATIONSHIP**

24. The Santek Defendants are collectively a full-service waste disposal company, managing publicly owned landfills and a fleet of trash collection vehicles.[1]

25. The Santek Defendants currently manage 18 disposal facilities in a nine-state region.[2] Specifically, the Santek Defendants currently have operations in Alabama, Texas, Arkansas, Georgia, Kentucky, Tennessee, Ohio, North Carolina and Florida.

26. Prior to the filing of this action, Santek (including its affiliates or subsidiary companies) acquired (or organized) numerous other waste disposal companies doing business throughout the State of Alabama and the United States.

27. Today, along with Santek, these companies employ Waste Disposal Drivers such as Plaintiff and the Putative Class Members and conduct waste disposal operations throughout the State of Alabama and the United States.

---

[1] *See* http://www.santekenviro.com/index.html.

[2] *See* http://www.santekenviro.com/locations.html

28. Santek and its affiliates and/or subsidiaries, hold themselves out to the general public as one company—Santek Waste Services, LLC.

29. Santek's organization allows it to provide collection, transfer, recycling and landfill waste services nationwide.

30. Santek's structure allows it to fully integrate operations within each region and area, allowing for a top-down operating strategy. This organization also allows Santek to minimize administrative and personnel costs by collapsing and consolidating job duties into fewer managerial and administrative positions. Ultimately, this structure, with fewer administration and upper management personnel, allows for a more streamlined managerial decision-making.

31. Upon information and belief, Santek shares employees, has common management, pools resources, is affiliated and operates out of the same headquarters and/or regional headquarters in Cleveland, Tennessee.

32. Santek advertises through one website, provides the same type of service to its customers, and shares a common business model. Part of the common business model is the overtime wage violations made the basis of this complaint.

33. Santek, and its subsidiaries throughout the United States, have an interrelation of operations, centralized control of labor relations, common control over business operations, and a common business purpose to provide their customers with commercial, industrial and residential waste collection services.

34. At all times relevant herein, and upon information and belief, Santek and its subsidiaries were (and continue to be) joint employers and/or a single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

## B. PLAINTIFF AND THE PUTATIVE CLASS MEMBERS ARE (OR WERE) NON-EXEMPT WASTE DISPOSAL DRIVERS

35. The Santek Defendants have residential, commercial, and industrial lines of business that employ Waste Disposal Drivers throughout the United States.

36. Plaintiff and the Putative Class Members are (or were) non-exempt Waste Disposal Drivers employed by the Santek Defendants for the three-year period preceding the filing of this complaint and through the final disposition of this matter.

37. Importantly, none of the FLSA exemptions relieving a covered employer (such as the Santek Defendants) of the statutory duty to pay their employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

38. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of the Santek Defendants resulting in the complained of FLSA violations throughout the United States.

## C. SANTEK'S POLICY OF AUTOMATICALLY DEDUCTING MEAL PERIODS

39. The Santek Defendants have a policy that Waste Disposal Drivers such as Plaintiff and Putative Class Members automatically have 30 minutes per day for a meal period deducted from his or her hours worked.

40. The Santek Defendants were (and continue to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA.

41. When calculating Plaintiff and the Putative Class Members' hours each pay period, the Santek Defendants deducted (and continue to deduct) 30 minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

42. In other words, for each 5-day workweek, the Santek Defendants deducted (and continue to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours. For a

6-day workweek, the Santek Defendants deducted (and continue to deduct) a minimum of 3 hours from each workweek's total "on-the-clock" hours.

43. The Santek Defendants' systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated in violation of the FLSA.

44. The Santek Defendants' systematic deduction of the 30-minute meal period from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

**D. SANTEK FAILS TO COMPENSATE PLAINTIFF AND PUTATIVE CLASS MEMBERS FOR OVERTIME HOURS WORKED "OFF-THE-CLOCK."**

45. As part of their job responsibilities, Plaintiff and the Putative Class Members have pre and post-trip responsibilities that they are required to perform at the beginning and end of each work shift.

46. Plaintiff and the Putative Class Members' pre and post-trip responsibilities are integral and indispensable to their core job duties.

47. Plaintiff and the Putative Class Members pre and post-trip responsibilities are not *de minimis* in nature.

48. Plaintiff and the Putative Class Members performed (and continue to perform) their pre and post-trip responsibilities "off-the-clock."

49. The Santek Defendants knew and at times encouraged Plaintiff and the Putative Class Members to perform their pre and post-trip responsibilities "off-the-clock" in violation of the FLSA.

50. The Santek Defendants did not (and do not) compensate Plaintiff and the Putative Class Members for performing their pre and post-trip responsibilities "off-the-clock."

51. As a result of the Santek Defendants' failure to compensate Plaintiff and the Putative Class Members for performing their pre and post-trip responsibilities "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

52. The Santek Defendants' failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

53. Plaintiff and the Putative Class Members were subjected to (and continue to be subjected to) the same or substantially similar policy, practice or scheme that required them to perform their pre and post-trip responsibilities "off-the-clock," as described above.

54. Due to the willful and resulting bad faith nature of the Santek Defendants' conduct, Plaintiff and the Putative Class Members also seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

55. The Santek Defendants knew or should have known that they were miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

56. The Santek Defendants knew or should have known that their failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

57. The Santek Defendants knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

58. The Santek Defendants' actions therefore constitute willful violations under the FLSA and were not made in good faith.

# VI.
# CAUSES OF ACTION

## A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

59. The Santek Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(2)(a) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

60. Moreover, the Santek Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of (a) deducting 30-minute meal breaks from Plaintiff and the Putative Class Members' "on-the-clock" time regardless of whether Plaintiff and the Putative Class Members actually worked through that meal period and (b) causing Plaintiff and the Putative Class Members to perform their pre and post-trip inspections "off-the-clock", thereby failing to pay Plaintiff and other similarly situated employees the required amount of overtime compensation. 29 U.S.C. § 255(a).

61. The Santek Defendants knew or should have known their pay practices were in violation of the FLSA.

62. The Santek Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

63. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted the Santek Defendants to pay according to the law.

64. The decision and practice by the Santek Defendants to cause and/or require Plaintiff and the Putative Class Members to (a) deduct thirty minutes from their daily hours even though they worked during this time and (b) perform their pre and post trip-inspections "off-the-clock" was neither reasonable nor in good faith.

65. Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## B. COLLECTIVE ACTION ALLEGATIONS

66. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Russell.

67. Other similarly situated employees have been victimized by the Santek Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

68. The Putative Class Members are "All Waste Disposal Drivers Employed by Santek Waste Services, LLC, Santek Environmental, Inc., Santek Environmental of Alabama, LLC and/or Waste Services of Alabama, LLC, Throughout the United States at Any Time During the Last Three Years Through the Final Disposition of this Matter."

69. The Santek Defendants' systematic failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

70. Thus, Plaintiff Smith's experiences are typical of the experiences of the Putative Class Members.

71. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

72. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

73. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are non-exempt, blue-collar waste disposal drivers entitled to overtime after forty (40) hours in a workweek.

74. The Santek Defendants have employed (and continue to employ) thousands of waste disposal drivers throughout the United States during the past three years.

75. Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and the Santek Defendants will retain the proceeds of their rampant violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

77. Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL WASTE DISPOSAL DRIVERS EMPLOYED BY SANTEK WASTE SERVICES, LLC, SANTEK ENVIRONMENTAL, INC., SANTEK ENVIRONMENTAL OF ALABAMA, LLC AND/OR WASTE SERVICES OF ALABAMA, LLC, THROUGHOUT THE UNITED STATES, AT ANY TIME DURING THE LAST THREE YEARS THROUGH THE FINAL DISPOSITION OF THIS MATTER**

## VI.
## RELIEF SOUGHT

78. Plaintiff respectfully prays for judgment against the Santek Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring the Santek Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding the Santek Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of the Santek Defendants; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FRAZER PLC**

By: /s/ *Patrick D. McMurtray*
**Patrick D. McMurtray**
ASB-3387-M37P
patrick@frazer.law
**T. Roe Frazer II**
ASB-6624-R42T
roe@frazer.law
**Dan Beasley** *(Pro Hac Vice Anticipated)*
Tennessee State Bar No. 027091
dan@frazer.law
1 Burton Hills Blvd.
Nashville, Tennessee 37215
Telephone: (615) 647-0990
Facsimile: (866) 274-5384

**ANDERSON2X, PLLC**

By: /s/ *Austin W. Anderson*
**Austin W. Anderson** *(Pro Hac Vice Anticipated)*
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander** *(Pro Hac Vice Anticipated)*
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiff and the Putative Class Members*