FILED

2019 Jan-31  PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTONIO SMITH, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) ) | **2:17-cv-01113** |
| **ENVIRONMENTAL OF ALABAMA, LLC and WASTE SERVICES OF ALABAMA, LLC,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs, Antonio Smith, Travis DeLong, John Gosnell, Randy Mitchell, and Jenner Powell (collectively, "Plaintiffs") and the Defendants, Environmental of Alabama, LLC ("SE Alabama") and Waste Services of Alabama, LLC ("Waste Services Alabama"), hereby stipulate to the voluntary dismissal of Plaintiffs' individual claims with prejudice pursuant to Fed. R. Civ. P. 41(a) and to the dismissal of the putative class claims without prejudice.  The parties also jointly move the Court for entry of an Order approving the parties' settlement resolving all claims of Plaintiffs raised in this matter under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA").  Copies of the Settlement Agreements executed by Plaintiffs are attached hereto as "Exhibits A-E," respectively.

1.      On June 30, 2017, Plaintiff Smith filed the Complaint in *Antonio Smith, et al. v. Waste Services, LLC, et al.,* U.S. District Court for the Northern District of Alabama, Southern

17363641v2

Division, Case No. 2:17-cv-01113.  *See* ECF No. 1.  On July 14, 2017, Plaintiff Smith filed a Notice of Filing of Consents to Join for Plaintiffs DeLong, Emmer[1], Gosnell, Mitchell & Powell. *See* ECF No. 10.  Plaintiffs assert claim for back wages, liquidated damages and attorney's fees under the FLSA.  Plaintiffs also filed case on behalf of a putative class, but the Court has not certified any class or issued any class notice.

2.      On October 4, 2017, the Court entered an Order of Dismissal, dismissing all claims against Santek Waste Services, Inc. ("Santek") and Santek Environmental, LLC ("Santek Environmental"), pursuant to the voluntary notices of dismissal Plaintiffs filed in response to Santek and Santek Environmental's motions to dismiss.  *See* ECF Nos. 20, 21, 35-37.

3.      There are two methods by which employees can settle and release FLSA claims. First, employees may settle and release FLSA claims if the Secretary of Labor supervises the employer's payment of unpaid wages.  *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a lawsuit that an employee has brought against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the Court a proposed settlement and the Court enters a stipulated judgment approving the fairness of the settlement.  *Id.*; *Rampersad v. Certified Installation, LLC*, 2012 U.S. Dist. LEXIS 167156, at *2 (E.D. Tenn. 2012).  The circumstances justifying court approval of an FLSA settlement in the private litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is

---

[1] Plaintiffs' counsel filed a Notice of Withdrawal of Mr. Emmer's consent form on January 30, 2019 (ECF No. 43). As such, Mr. Emmer's claims against Defendants, if any, have not been released nor are they affected by this settlement.

> more likely to reflect a reasonable compromise of disputed issues than a mere
> waiver of statutory rights brought about by an employer's overreaching. If a
> settlement in an employee FLSA suit does reflect a reasonable compromise over
> issues, such as FLSA coverage or computation of back wages, that are actually in
> dispute; we allow the district court to approve the settlement in order to promote
> the policy of encouraging settlement of litigation.

*Barajas v. Sealtech, Inc.*, U.S. Dist. Ct. E.D. Tenn. Case No. l:13-cv-107 [ECF No. 42] Nov. 6, 2014) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). Entry of a stipulated agreement is appropriate when there is a "bona fide dispute" over FLSA provisions and the proposed settlement is a "fair and reasonable" resolution of that dispute. *Lynn's Food Stores*, 679 F.2d at 1353, 1355; *see also Stalnaker v. Novar Corp.*, 293 F. Supp.2d 1260, 1263 (M.D. Ala. 2003).

4.     There is a "bona fide dispute" as to whether Defendants are liable to Plaintiffs under the FLSA. Defendants deny that they failed to compensate Plaintiffs properly for any overtime work performed. SE Alabama further denies that it was the employer of any of Plaintiffs, and Waste Services Alabama denies that it was the employer of any of Plaintiffs except Plaintiff Smith. After exchanging information and discussing the merits of Plaintiffs' claims, the parties continue to disagree as to whether any overtime wages are owed to Plaintiffs. Thus, there is a "bona fide dispute" as to Defendants' liability to Plaintiffs.

5.     A general framework for evaluating the fairness of an FLSA compromise includes: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). As to factor (1), the parties reached the settlement through fact-based, good faith negotiations, wherein each party recognized weaknesses in his or its position, strengths in the other's position, and compromised accordingly in order to avoid the expense and uncertainty of further litigation. As

to factors (2) and (3), the parties reached the settlement after exchanging and evaluating information pertinent to the claims. By resolving the case in this fashion, the parties avoided the expense of further discovery, including deposition discovery, pretrial requirements, trial preparation, and trial. As to factors (4) and (5), Defendants presented information that lessened the probability of Plaintiffs' success on the merits and narrowed the possible range of recovery, including evidence disputing the claim of uncompensated overtime hours worked. Finally, as to factor (6), counsel evaluated the merits of the case and the probability of different outcomes with their respective clients. Plaintiffs were included in the negotiations, fully informed of their options and provided their authority to enter into the Agreements, as evidenced by their signatures affected to Exhibits A-E. Thus, the parties believe that the settlement is a fair and reasonable resolution.

6.      The proposed settlement in this case arises out of the action Plaintiffs brought against Defendants, which action was adversarial in nature. Plaintiffs and Defendants have been represented by legal counsel throughout this process, Plaintiffs' claims were disputed, and the settlement was reached following extensive arms-length negotiations. Consequently, the parties submit that the settlement is fair and reasonable and should be approved by the Court.

7.      Plaintiffs claimed they worked on average the following numbers of overtime hours per week that were not properly compensated: Smith – 3 to 6, DeLong – 1 to 3, Gosnell – 4 to 7, Mitchell – 1 to 3; and Powell – 4 to 7. Defendants provided information that challenges the number of hours claimed and maintains that Plaintiffs were properly compensated for all hours worked. In light of that information, and after discussions between the parties, the parties agreed to the total sums listed below as fair and reasonable compromises of each claim. Additionally, the parties separately negotiated the amount of attorneys' fees and costs Defendants would pay so as not to affect Plaintiffs' recovery.

8.      Pursuant to the parties' settlement, Plaintiffs will receive in total $12,500.00, half of which is to compensate them for their alleged unpaid back wages and the other half comprises liquidated damages.  The portion to be paid to each Plaintiff is as follows:  Smith -- $2,500.00, DeLong -- $1,500.00, Gosnell -- $3,500.00, Mitchell -- $1,500.00, and Powell -- $3,500.00.

9.      The settlement results from a *bona fide* compromise between the parties on a variety of disputed issues of law and fact.  Most fundamentally, Defendants deny that they failed to compensate Plaintiffs for any overtime.  SE Alabama further denies that it was the employer of any of Plaintiffs, and Waste Services Alabama denies that it was the employer of any of Plaintiffs except Plaintiff Smith.  The parties undertook detailed legal and factual analyses of the claims and defenses.  The parties are resolving the action in order to avoid unnecessary further costs, time and risks associated with continuing this litigation.  The legal and factual nature of the claims and defenses in this case would have caused significant additional unnecessary expense for the parties should it have been necessary to litigate the case further.

10.      The settlement reflects a reasonable compromise of the disputed issues.  The parties, through their attorneys, voluntarily agreed to the terms of the settlement during negotiations.  The parties were counseled and represented by their respective attorneys throughout the litigation, negotiation and settlement process.  Counsel for the parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

11.      The parties agree that payments of the amounts indicated in the Settlement Agreements and Releases attached hereto as Exhibits A-E are fair and reasonable based on the relative claims by each respective Plaintiff.

12.      The parties have also reached an agreement as to the amount of attorney fees and costs payable to legal counsel for the Plaintiffs and Additional Claimants, in the amount of

$9,000.00.  Under 29 U.S.C. § 216(b), "[t]he Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

13.     Plaintiffs intend this settlement of their claims to represent a final resolution of all claims that they actually raised or that they could have raised in this action.

WHEREFORE, for the foregoing reasons, the parties jointly request that their Joint Motion for Approval of Settlement be granted and that the claims of Plaintiffs be dismissed with prejudice. A proposed Order granting the Motion will be submitted to the Court for approval.

Respectfully submitted this 31st day of January, 2019.

By: _/s/  Clif Alexander_              By: _/s/ Bradford G. Harvey_

| | |
|---|---|
| **Clif Alexander** | **Bradford G. Harvey** |
| (*Admitted Pro Hac Vice*) | (*Admitted Pro Hac Vice*) |
| Texas Bar No. 24064805 | Tenn. Bar No. 017393 |
| clif@a2xlaw.com | Brad.Harvey@millermartin.com |
| **Austin W. Anderson** | **Megan B. Welton** |
| (*Admitted Pro Hac Vice*) | (*Admitted Pro Hac Vice*) |
| Texas Bar No. 24045189 | Tenn. Bar No. 034485 |
| austin@a2xlaw.com | Megan.Welton@millermartin.com |
| **ANDERSON ALEXANDER, PLLC** | **Miller & Martin PLLC** |
| 819 N. Upper Broadway | 832 Georgia Avenue, Suite 1200 |
| Corpus Christi, Texas 78401 | Chattanooga, TN 37402 |
| Telephone: (361) 452-1279 | Telephone: (423) 785-8210 |
| Facsimile: (361) 452-1284 | Facsimile: (423) 785-8293 |
| | |
| **Patrick D. McMurray** | **Albert L. Vreeland, II** |
| ASB-3387-M37P | ASB-00660V78A |
| **T. Roe Frazer II** | Of Counsel: |
| ASB-6624-R42T | **Lehr, Middlebrooks, Vreeland &** |
| **Dan Beasley** | **Thompson, P.C.** |
| (*Admitted Pro Hac Vice*) | P.O. Box 11945 |
| **Frazer PLC** | Birmingham, AL 35202-1945 |
| 1 Burton Hills Blvd., Suite 215 | Telephone: (205) 326-3002 |
| Nashville, TN 37215 | Facsimile: (205) 326-3008 |
| Telephone: (615) 647-0990 | |
| Facsimile: (866) 274-5384 | *Attorneys for Defendants* |
| | |
| *Attorneys for Plaintiffs* | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2019, a true and exact copy of the foregoing Joint Motion for Approval of Settlement has been filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

By:   s/ Bradford G. Harvey

17363641v2